## ACCOUNTING REQUIRED FROM PURCHASER.

Circuit Court of Cuyahoga County.

CORNELIUS NEWKIRK V. F. L. HATTENDORF.

Decided, March 6, 1905.

*Fraudulent Conveyances—Deed Absolute Given by Debtor to Creditor— When Treated as Mortgage.*

When a deed absolute in form was given by a debtor who was execution proof, to a creditor whose claim amounted to only a small portion of the value of the land deeded, the conveyance will be regarded as a security and treated in equity as a mortgage and not as a sale.

*W. J. Patterson,* for plaintiff.
*A. W. Gibbons,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

In this case we are asked to find that a deed, absolute on its face, is a mortgage, and we have considered the evidence under guidance of the rule laid down by the Supreme Court in the case of *Boughman* v. *Boughman,* 69 O. S., 273, where it is said that "'equity requires that parol evidence to ingraft an express trust in lands upon a deed absolute shall clearly and convincingly show that contemporaneously with the execution of the deed the terms of the trust were declared.''

We start with the conceded fact that at the time of the execution of the deed in question the plaintiff was indebted to the defendant in the sum of $75, for which he had given the defendant his note.   The consideration named in the deed is "$75 and other valuable considerations."

Plaintiff says that the other valuable consideration was credit for groceries to be furnished by defendant who kept a grocery store.   It is conceded that after agreement to deliver the deed, groceries of the value of $15 were furnished by defendant to plaintiff.   From this point on there is a conflict of testimony. Plaintiff says that at the delivery of the deed it was agreed between the parties that the same should be held by defendant as security for said pre-existing indebtedness of $75 and for such further groceries as plaintiff might become indebted for to defendant, in a reasonable amount, and, upon payment of said amount by plaintiff to defendant, the latter should reconvey the premises to the plaintiff.   Defendant says that the deed was without conditions and was delivered to him for the consideration of $90, $75 of which was the said pre-existing debt and $15 to be paid by him to plaintiff in groceries, which he has paid.   It appears that plaintiff's note held by the defendant was never returned to the former.

The conceded facts in the case are very nearly controlling as to how it should be decided and appear to bring it within the fourth paragraph of the syllabus of the case of *Wilson* v. *Giddings,* 28 O. S., 554:

"Where a deed absolute in form is accompanied as part of the transaction, by a matter of conditions or defeasance, expressed in the conveyance or contained in a separate instrument, or exists in parol, whether the consideration be a pre-existing debt or present advance of money, if the relation of borrower and lender, debtor and creditor, exists between the parties, the conveyance will be regarded as a security, and treated in equity as a mortgage and not as a sale, either absolute or conditional."

Clearly in this case the relation of debtor and creditor existed between the parties and further facts shown in evidence tend to substantiate the plaintiff's claim.

The witness, Charles Millington, testified to an admission made by the defendant to him that the plaintiff had deeded the lot upon the agreement claimed. This admission was made by defendant upon an occasion after delivery of the deed when the witness went to defendant's store to get groceries for the plaintiff.

The consideration defendant claims to have paid for the lot is grossly inadequate, for we find from the evidence of credible witnesses that at the time the deed was delivered the premises were worth about three times $90.

The situation of the plaintiff at the time and the surrounding circumstances lend color to his claim. He was much involved financially; this cheap lot was the only unincumbered property he owned; he was execution proof, for this lot could not have been taken from him by the defendant, by legal proceedings, in satisfaction of his debt. Is it reasonable to suppose that under such circumstances, in great need of credit upon which to obtain the necessaries of life, he voluntarily conveyed this lot to defendant in satisfaction of a debt, the payment of which does not appear to have been pressed by defendant? We think not.

It appearing that defendant has sold the lot for what is conceded to be its reasonable value, he must account to plaintiff for the proceeds of such sale, after deducting therefrom said sum of $90 with interest and taxes and other legitmate charges paid by the defendant.

Decree for plaintiff.